Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 676 | **DATE** | February 3, 2012 |
| **CASE TITLE** | Tyrell Jackson (R-62625) vs. James Griffith | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Plaintiff's trust fund officer to deduct $19.07 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Stateville Correctional Center. The Clerk shall issue summonses for service on all Defendants, and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve Defendants.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Pro se plaintiff Tyrell Jackson, a prisoner at the Stateville Correctional Center, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* [3] and complaint [1] for an initial review pursuant to 28 U.S.C. § 1915A.

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $19.07. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

Turning to the initial review of the complaint, Plaintiff alleges that Defendant detectives James Griffin and Nick Liberio of the Naperville Police Department violated his *Miranda* rights. According to Plaintiff, on April 2, 2008, Defendants were performing a custodian interrogation of Plaintiff at the Naperville police station regarding a murder. Plaintiff invoked his right to remain silent but the officers refused to cease their questioning. Plaintiff was later convicted of the murder. He alleges that he would have never been arrested or convicted of murder if Defendants had respected his *Miranda* rights and ceased their questioning when he invoked his right to remain silent.

Plaintiff states a claim for the constitutional violation for the alleged failure to respect his invocation of his right to remain silent and the corresponding failure to stop questioning. *Berghuis v. Thompkins*, 130 S. Ct. 2250, 2260 (2010) (citing *Michigan v. Mosley*, 423 U.S. 96, 103 (1975); *Miranda v. Arizona*, 384 U.S. 436, 474 (1966)). Plaintiff claims that this resulted in both a false arrest and wrongful conviction. *Aleman v. Vill. of Hanover Park*, 662 F.3d 897, 905-06 (7th Cir. 2011) (citations omitted); *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).

Although Plaintiff's allegations state a claim, the statute of limitations and the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), must be considered. Plaintiff alleges that he was wrongfully arrest and convicted because of the *Miranda* violation. The alleged violation occurred in 2008. There is a two year statute of limitations for these violations. *Draper v. Martin*, __ F.3d __, Nos. 10-2837, 10-3054, 2011 WL 6880357, at *2 (7th Cir. Dec. 30, 2011) (citing 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007); *Hilleman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)). The two year statute of limitations period begins when a plaintiff is detained pursuant to legal process. *Brooks*, 564 F.3d at 832 (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)).

Here, the complaint does not set forth in detail when plaintiff was arrested and subsequently detained by legal process. Although there likely is a statute of limitations defense to the false arrest claim, the Court cannot dismiss on this basis at this stage of the proceedings because the elements of the defense are not evident from the face of the complaint. See *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

As to the alleged wrongful conviction, Plaintiff claims that he would not have been wrongfully convicted but for the alleged *Miranda* violation. Under the rule of *Heck*, a plaintiff may not bring a Section 1983 claim when recovery on that claim would require invalidating a conviction if the underlying conviction has not been overturned. 512 U.S. at 486-87; *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (explaining that "*Heck* kicks in and bars [a] civil suit" when a plaintiff "makes allegations that are inconsistent with the conviction[] [being] valid . . . ."). Although Plaintiff raises a *Heck* concern by alleging that the *Miranda* violation resulted in a wrongful conviction, *Heck* is not fully satisfied because Plaintiff does not provide the missing element of whether or not his conviction has been overturned. Furthermore, as a general rule, dismissing on the basis of *Heck* at this stage is difficult because Plaintiff may effectively plead his way around *Heck* at the complaint stage by remaining "agnostic" as to whether the constitutional violation resulted in a conviction. *Moore v. Mahone*, 652 F.3d 722, 726 (7th Cir. 2011). The Court will leave these issues to the parties to investigate further if they so desire. Plaintiff is allowed to proceed with his complaint past the initial review stage.

The Clerk shall issue summonses for service on all Defendants, and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former City of Naperville / Naperville Police Department employee who no longer can be found at the work address provided by Plaintiff, the City of Naperville / Naperville Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendant pursuant to Rule

| STATEMENT |
|---|
| 4(d)(1)(G).<br><br>Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |